**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| MICHEAL HENDRIX, | : | CIVIL ACTION NO. |
| GDC ID # 998390, | : | 2:11-CV-00214-RWS-SSC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SHERIFF JUDD SMITH, | : | PRISONER CIVIL RIGHTS |
| Barrow County, | : | 42 U.S.C. § 1983 |
| OFFICER ELIZBETH PUCKETT, | : | |
| Barrow County Probation Office, | : | |
| Defendants. | : | |

**MAGISTRATE JUDGE'S ORDER AND
FINAL REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Hays State Prison in Trion, Georgia, has submitted this civil rights action *pro se,* seeking relief under 42 U.S.C. § 1983. The matter is now before the Court for an initial screening. For the purpose of dismissal only, leave to proceed *in forma pauperis* is hereby **GRANTED**.

## I. The Legal Framework

### A. 28 U.S.C. § 1915A Review

Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous when it "has little or no chance of success"—for

example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.) (internal quotations omitted), cert. denied, 510 U.S. 893 (1993). A complaint fails to state a claim unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S. Ct. at 1949-50. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." Id. at 1950; see also Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal"), cert. denied, 540 U.S. 872 (2003).

AO 72A
(Rev.8/82)

## B. 42 U.S.C. § 1983 Cause of Action

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these pleading requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of § 1983 complaint because plaintiffs' factual allegations were insufficient to support asserted constitutional violation), cert. denied, 540 U.S. 1219 (2004); see also L.S.T., Inc. v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (noting that "[i]t is well-established that . . . conclusory allegations are insufficient to state a § 1983 claim for relief").

## II. Discussion

Plaintiff's entire complaint consists of the following two paragraphs:

> I was locked-up on June 29, 2009 and charged with two Counts of selling Cocaine. On Oct[ober] 14, 2009 represented by appointed Counsel, [I] had the balance of my probation revoked.
>
> Neither an indictment [n]or accusation had been filed and [I] was also unable to obtain copies of my arrest warrant. My attorney informed me that the warrant [was] in the possession of the district attorney office [sic], and that office will seek an indictment. I was detained for over five months without my criminal case going forward.

3

(Doc. 1, Compl. ¶ IV). Plaintiff seeks money damages and an end to "any further malicious prosecution." (Id. ¶ V).

The only readily apparent basis for Plaintiff's complaint is that he spent "over five months" in detention, apparently at the Barrow County Jail, "without [his] criminal case going forward." (See id. ¶ IV). However, unless Plaintiff was denied release on bond during that time period in violation of the Eighth Amendment to the United States Constitution,[1] the undersigned discerns no basis for providing Plaintiff with relief in this Court, and Plaintiff has not stated any. He has not alleged, for example, that he was falsely arrested or imprisoned. Moreover, he has not stated, nor even suggested, that he remained in detention because "excessive bail" was required of him. Thus, Plaintiff has failed to state a claim in that regard as well. Finally, to the extent that there are ongoing prosecutions against Plaintiff in Barrow County, Georgia, the undersigned notes the longstanding prohibition against federal court interference in state court prosecutions, absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 53 (1971) (reaffirming "the settled doctrines that have always confined very narrowly the availability of injunctive relief against state criminal prosecutions"); see also New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 364 (1989) (stating that, per

---

[1] The Eighth Amendment provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

4

Younger, "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions"). Plaintiff has not alleged any circumstance, extraordinary or otherwise, to warrant injunctive relief here. In short, given the paucity of detail in Plaintiff's complaint, the Court can only speculate about the nature of his potential claims. That is an insufficient basis to allow this matter to proceed. See Twombly, 550 U.S. at 555 (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . .").

### III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be dismissed for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915A.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO ORDERED, DIRECTED and RECOMMENDED** this 29th day of November, 2011.

*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge

5

AO 72A
(Rev.8/82)